IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DONNA B. O.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:22-cv-00128-H-BU |
| | § | |
| KILOLO KIJAKAZI, | § | |
| Acting Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Donna B. O. seeks judicial review of a final adverse decision of the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g). Dkt. No. 1. United States District Judge Wesley Hendrix referred this case to the undersigned with a designation to exercise the district court's full jurisdiction and conduct all proceedings in this case upon the consent of the parties. *See* Dkt. No. 6. Because the parties have not consented to proceed before a magistrate judge, the undersigned submits these Findings, Conclusions, and Recommendation.

For the reasons explained below, the undersigned recommends that the Court remand the Commissioner's decision for further administrative proceedings.

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

1

I.   BACKGROUND

Plaintiff alleges that her disability began on June 2, 2019. *See* Administrative Record, Dkt. No. 13-1 (Tr.) 21. Plaintiff initially filed application under Title II for both a period of disability and disability insurance benefits. Tr. at 21. Both applications were denied initially on January 19, 2021, and then again upon reconsideration on April 1, 2021. Tr. at 21. Plaintiff then requested a hearing in front of an Administrative Law Judge (ALJ). Tr. at 21. Due to COVID, the ALJ held an online video hearing on November 19, 2021. Tr. at 21. Plaintiff and her attorney appeared at the hearing along with an impartial vocational expert (VE). Tr. at 21.

At the time of the hearing, Plaintiff was 60 years old. Tr. at 41. Plaintiff completed two years of college. Tr. at 43. Her past work experience is as a school library assistant, school media room educator, classroom assistant, and data clerk. Tr. at 255–56, 278.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. Tr. at 31. At step one of the analysis,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 2, 2019. Tr. at 23. At step two, the ALJ found that Plaintiff has the following severe impairments: neck pain secondary to degenerative disc disease at C5-C6, cervical spondylosis, and status-post cervical fusion; osteoarthritis; status-post left ankle fracture; low back pain secondary to lumbar degenerative disc disease, lumbosacral spondylosis without myelopathy or radiculopathy, and post-laminectomy syndrome; hemochromatosis; and hypertension. Tr. at 23. At step three, the

---

[2] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

ALJ determined that none of the impairments or combination of impairments met or equaled the severity of one of the impairments listed in the Social Security regulations. Tr. at 24. The ALJ found that Plaintiff's issues related to squamous cell carcinoma in situ and vitiligo created only a slight abnormality. Tr. at 24. Similarly, the ALJ found that Plaintiff's depression and anxiety only established a slight abnormality with a minimal effect on Plaintiff's "ability to perform basic mental work activities." Tr. at 24.

Also at step three, the ALJ found that Plaintiff has the residual functional capacity to:

> perform sedentary work as defined in 20 CFR 404.1567(a) with the following additional limitations: She can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. She can occasionally balance (as defined in the *Selected Characteristics of Occupations*) and can occasionally stoop, kneel, crouch, and crawl. She can frequently reach overhead with the bilateral upper extremities. Tr. at 25.

At step four, the ALJ reviewed the testimony of the vocational expert (VE) and gave consideration to Plaintiff's age, education level, and transferable work skills in concluding that Plaintiff is capable of performing past relevant work as an administrative assistant. Tr. at 29–31. Thus, the ALJ determined that Plaintiff does not have a disability as defined in the Social Security Act. Tr. at 31.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Council affirmed. Plaintiff then timely filed this action in federal district court. Tr. at 5.

## II.   LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the

proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520 (2017); *see also Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

### III.   DISCUSSION

Plaintiff objects to the ALJ's decision, claiming that the ALJ committed legal error in her analysis of physician Michael Roffers's opinion. Dkt. No. 17 at 13. As a result of not properly analyzing Dr. Roffers's opinion, Plaintiff claims that the ALJ's RFC was not supported by substantial evidence. *Id.*

Dr. Roffers offered an assessment on Plaintiff's mental and physical capacity. Tr. at 29. Regarding Plaintiff's mental capacity, Dr. Roffers found that Plaintiff had mild limitations in her ability to work at an appropriate and consistent pace, complete tasks in a timely manner, and manage psychologically based symptoms. Tr. at 29; Dkt. No. 13-2. Dr. Roffers's found that Plaintiff had a marked limitation in her ability to work a full day without needing more than the allotted number or length of rest periods during the day. Tr. at 29; Dkt. No. 13-2. Regarding Plaintiff's physical capacity, Dr. Roffers found Plaintiff "able to sit for 8 hours per day; is able to stand/walk for 2 hours per day; will need to take unscheduled breaks during an 8-hour workday; can occasionally lift up to 10 pounds; has limitations doing repetitive reaching, handling, or fingering; and is likely to be absent from work as a result of her impairments once or twice a month." Tr. at 29; Dkt. No. 13-2.

The ALJ found Dr. Roffers's marked limitation regarding Plaintiff's ability to work a full day without breaks to be "without support in the record." Tr. at 29. Regarding Plaintiff's physical capacity, the ALJ found Dr. Roffers's opinion on Plaintiff's exertional limitations to be somewhat supported. Tr. at 29. However, the ALJ found Dr. Roffers's other physical limitations to be without support in the record or medical findings. Tr. at 29.

Plaintiff argues that the ALJ's explanation for rejecting parts of Dr. Roffers's opinion is insufficient and fails to consider the required factors set out in 20 C.F.R. § 404.1520. Dkt. No. 17 at 14–19. Plaintiff points out that the new regulations "require that the ALJ explain her findings regarding the supportability and consistency for each of the medical opinions," but argues that "the ALJ did not do so here, as she merely provided a conclusion in the guise of analysis.' *Id.* at 18. Plaintiff argues that the ALJ "failed to assign

a level of persuasiveness" to Dr. Roffers's opinions, and "cherry picked" what parts of his opinion to find supported. *Id.* at 14–15. Plaintiff states that the ALJ was not specific regarding the physical limitations that she found unsupported in Dr. Roffers's physical assessment. *Id.* at 15. Similarly, Plaintiff states that the ALJ's explanation as to why Dr. Roffers's mental limitation was not supported is deficient. *Id.*

Lastly, Plaintiff argues that the "ALJ mischaracterized the relevant evidence in making the blanket finding that Dr. Roffers did not offer findings to support his assessed physical limitations." *Id.* at 17.

Commissioner responds by stating that "the ALJ properly addressed the November 2020 opinions of Dr. Roffers . . . per the relevant guidelines, and explained why she found the opinions partially persuasive." Dkt. No. 18 at 6. Specifically, Commissioner argues that the ALJ considered both medical and non-medical evidence to determine the RFC. *Id.* at 6–11. Commissioner states that given Plaintiff's lack of hospitalizations for mental health treatment, companion dog, and medical records indicating that Otwell's mental health "medication was helpful," "the ALJ disagreed with Dr. Roffers' one assessment of marked limitation as being without support in the record." *Id.* at 7.

In further support of Commissioner's argument that the ALJ considered supportability and consistency, Commissioner states that "as to supportability, the ALJ analyzed Dr. Roffers' treatment records along with his opinion." *Id.* at 8. Commissioner claims that the ALJ addressed the consistency of Dr. Roffers's opinion by discussing the various medical evidence related to Plaintiff's physical symptoms—indicating that Plaintiff had many normal assessments. *Id.* at 9. Commissioner then argues that the opinion

7

of Dr. Stark contradicts Dr. Roffers's opinion,³ that the ALJ found Dr. Roffers' opinions partially persuasive, and that Plaintiff essentially just disagrees with "the ALJ's evaluation of Dr. Roffers' forms." *Id.* at 10. Plaintiff did not file a reply.

The Court now analyzes whether the ALJ properly considered Dr. Roffers's opinions.

An ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Garcia v. Berryhill*, 880 F.3d 700, 705 n.7 (5th Cir. 2018) (quoting *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). An ALJ must consider a number of factors when rejecting a medical opinion. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021) ("For claims filed after March 27, 2017, an ALJ . . . considers a list of factors in determining what weight, if any, to give a medical opinion."). The most important factors for the ALJ to consider are whether an opinion "is based on 'objective medical evidence and supporting explanations,'" and is consistent with "other medical and nonmedical sources" in the record. *Id.* These factors are commonly referred to as supportability and consistency. *See id.* When rejecting a medical source's opinion, an ALJ's explanation should show consideration of these two factors. *Id.*

"There is little authority discussing what an ALJ must do to adequately 'explain' supportability and consistency." *Benavidez v. Comm'r of Soc. Sec.*, No. 7:22-CV-058-BP, 2023 WL 3105100, at *4 (N.D. Tex. Apr. 26, 2023) (quoting *Moore v. Saul*, No. 3:20-cv-48-DPJ-MTP, 2021 WL 754833, at 3* n.1 (S.D. Miss. Feb. 26, 2021)). And there are no

---

³ Although Plaintiff and the Commissioner both reference Dr. Stark's opinion, the ALJ never discussed Dr. Stark's opinion in her decision.

"magic words or [a] specific amount of explanation [that is] required." *Anthony D. v. Comissioner, Soc. Sec. Admin.*, No. 3:19-CV-2900-X-BK, 2022 WL 2900999, at *3 (N.D. Tex. July 22, 2022) However, the ALJ's discussion on supportability and consistency must be ample enough "to permit meaningful judicial review." *Lara v. Kijakazi*, No. 3:21-cv-1032-L-BH, 2022 WL 4486085, at *13 (N.D. Tex. Aug. 29, 2022) (quoting *Dominick v. Kijakazi*, No. 3:20-CV-03473-E-BT, 2022WL 2874705, at *4 (N.D. Tex. May 12, 2022)), *report and rec. adopted*, 2022 WL 448526, (N.D. Tex. Sept. 27, 2022). When the ALJ's "decision reflects consideration of these two factors as well as a review and analysis of the objective record," this is generally deemed sufficient. *Lara*, 2022 WL 4486085, at *13.

Here, the ALJ failed to address the supportability and consistency of Dr. Roffers's opinion in a way that allows for meaningful review. The ALJ stated the following when analyzing Dr. Roffers's opinion on Plaintiff's mental limitations:

> I considered the mental capacity assessment completed by the claimant's own source Michael Roffers, D.O., on November 10, 2020, in which Dr. Roffers stated the claimant had none to mild limitations across multiple mental domains of functioning except the claimant has marked limitation in the ability to work a full day without needing more than the allotted number or length of rest periods during the day (Exhibit 10F). Similar to the State agency psychological consultant opinions, I found Dr. Roffers opinion to be supported by the claimant's largely unremarkable mental status findings and conservative treatment history except I disagreed with Dr. Roffers's the one assessment of marked limitation as being without support in the record and instead found that the claimant's mental impairments result in no more than mild limitation.

Tr. at 29. Regarding Plaintiff's physical limitations, the ALJ stated:

> I also considered the physical assessment completed by Dr. Roffers on November 10, 2020, in which he stated, among other things, that the claimant is able to sit for 8 hours per day; is able to stand/walk for 2 hours per day; will need to take unscheduled breaks during an 8-hour workday; can

9

> occasionally lift up to 10 pounds; has limitations doing repetitive reaching, handling, or fingering; and is likely to be absent from work as a result of her impairments once or twice a month (Exhibit 9F). I found Dr. Roffers to be somewhat supported, particularly with regard to the claimant's exertional limitations, but I disagreed that the claimant's mild to moderate objective and clinical findings or her treatment history supported that level of limitation, nor did Dr. Roffers offer findings in support of those limitations.

Tr. at 29.

The ALJ's explanation is inadequate for both Plaintiff's physical and mental limitations. While the ALJ is not required to specify every piece of evidence that contradicts a medical opinion, an explanation referencing the internal and external support for a medical opinion, or lack thereof, is necessary. *See Ray v. Comm'r of Soc. Sec.*, No. 4:21-cv-1709, 2022 WL 3566844, at *4 (S.D. Tex. Aug. 17, 2022) (holding that the ALJ's analysis of a medical opinion was sufficient although the ALJ did not specify which pieces of evidence in the record or at the hearing the opinion was inconsistent with, because the ALJ "made specific reference to both the consistency and supportability factors when discounting" the doctor's opinion). Here, the ALJ fails to provide any reasons as to why she finds Dr. Roffers's marked mental limitation without support in the record, nor does the ALJ reference whether that limitation is inconsistent with the record. Moreover, the ALJ does not discuss whether Dr. Roffers's marked limitation is supported by his own findings or treatment history. *See* Dkt. No. 13-2 at 30–32. This leaves the Court unable to conduct a meaningful review of Dr. Roffers's marked mental limitation.

Although the ALJ provides a more ample explanation for rejecting Dr. Roffers's physical limitations, she still fails to provide sufficient reasons as to why Dr. Roffers's physical limitations are not supported by Dr. Roffers's history of treatment with Plaintiff.

Importantly, the ALJ fails to identify the specific physical limitations that she believes are not supported by the record. The ALJ describes Dr. Roffers's opinion, and then states that she found "the claimant's exertional limitations" to be "somewhat supported," but goes on to say she "disagreed that the claimant's mild to moderate objective and clinical findings or her treatment history supported that level of limitation." Tr. at 29. This explanation fails to identify the specific physical limitation that the ALJ disagrees with, and the Court is left to assume that the ALJ disagreed with any physical limitation not deemed exertional. Tr. at 29. The Court should not be required to infer which limitations the ALJ finds unsupported and inconsistent with the record.

While the ALJ is only required to show consideration of supportability and consistency in rejecting parts of a medical expert's opinion, the ALJ must do this in such a way that the Court understands the ALJ's reasons for rejecting an opinion. *Lara*, 2022 WL 4486085, at *13. Here, the ALJ's conclusory discussion of supportability and consistency leaves the Court incapable of properly reviewing her decision.[4]

Further, the undersigned cannot conclude that this error was harmless, that is, that the failure to adequately explain the rejection of parts of Dr. Roffers's opinion did not affect Plaintiff's substantial rights. *See Audler*, 501 F.3d at 448. Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent

---

[4] The Commissioner points to evidence throughout the ALJ's decision that supports mild mental limitations and improved physical symptoms. *See generally* Dkt. No. 18. Some cases allow for a more cursory discussion of the supportability and consistency of an opinion when it follows a more detailed discussion of the medical evidence. But here, the ALJ fails to discuss the consistency of Dr. Roffers's mental assessment entirely, and she fails to identify the specific physical limitations she finds unsupported and inconsistent with the record. As a result, the ALJ's discussion of the medical evidence prior to her discussion of Dr. Roffers's opinion does not make her explanation sufficient.

the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)). "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

The Court is unable to find that it is inconceivable that the ALJ would have reached a different conclusion had she properly discussed Dr. Roffers's opinion. Without a proper discussion of supportability and consistency, it is "impossible to determine whether the ALJ properly considered and weighed that opinion." *Cardenas v. Kijakazi*, No. 7:21-CV-0135, 2022 WL 2719044, at *8 (S.D. Tex. June 3, 2022) (citing *Martinez v. Saul*, No. 3:19-CV-1904-B-BH, 2020 WL 5536814, at *17 (N.D. Tex. Aug. 31, 2020), *report and rec. adopted sub nom.* 2020 WL 5531485 (N.D. Tex. Sept. 15, 2020)), *report and rec. adopted sub nom.* 2022 WL 2715204 (S.D. Tex. July 12, 2022). If the ALJ had found Dr. Roffers's opinion persuasive, the ALJ would have found that Plaintiff needs to take breaks outside of the scheduled breaks included in a regular workday, which could have impacted Plaintiff's ability to perform past work.[5]

For the stated reasons, the undersigned RECOMMENDS that the hearing decision be REMANDED for a sufficient discussion of Dr. Roffers's opinion. Because all parties have not consented to proceed before a United States Magistrate Judge, the undersigned

---

[5] The Court notes that it is unclear whether questions asked specifically referencing information provided in Dr. Roffers's opinion would result in an inability to perform work in the national economy. Although the VE said that if someone missed three or more days of work in a month and was off task 15% of the time no work in the national economy would exist, it is unclear whether work in the national economy exists for someone who needs two days off a month from work and would need unscheduled breaks every four to six hours for between 8 and 15 minutes. *See* Tr. at 68.

directs the Clerk of Court to REASSIGN this case to United States District Judge James Wesley Hendrix in accordance with normal procedures.

## IV. RECOMMENDATION

The undersigned RECOMMENDS that the hearing decision be REVERSED, and this case REMANDED to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions as to the issue of evaluating Dr. Roffers's opinion.

## V. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 18th day of July, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE